IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR. S. 05-00436 EJG |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| VERNON LAVELL RYLEE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to 18 U.S.C. § 3145(b), Defendant Vernon Lavell Rylee moves this Court for review of his detention. As set forth below, the defendant has not overcome the presumption that he is a danger to the community; for that reason, the motion is DENIED.

On October 19, 2005, the magistrate judge ordered the defendant detained prior to trial as a flight risk and a danger to the community. On April 28, 2006, the defendant moved for review of his detention pursuant to 18 U.S.C. § 3145(b). The government opposed the defendant's release on the grounds that he continues to pose a danger to the community and there is no condition or combination of conditions that would reasonably assure the safety of the community. This Court conducts a *de novo* review of the magistrate judge's decision. United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990).

The defendant seeks to have the magistrate judge's detention order revoked or amended pursuant to subsection (b) of the Bail

///

///

1

Reform Act of 1984.[1]  Under the Act, release on conditions is the general rule and not the exception, and the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and of showing by clear and convincing evidence that the defendant poses a danger to the community.  United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991) (internal citations and quotations omitted).

    Despite the foregoing, Congress has set forth certain crimes for which the accused is presumed to be a flight risk and a danger to the community.  See 18 U.S.C. § 3142(e).  In the event that a court finds probable cause to believe that the person committed any of the enumerated offenses listed therein, the presumption of release shifts in favor of detention.  Id.  Absent countervailing evidence, the court should presume that there is no combination of conditions that will reasonably assure the appearance of the defendant in court or the safety of the community if the defendant is released.  Id.

    In this case, the defendant is charged with two counts of manufacturing more than 1,000 plants of marijuana, in violation of 21 U.S.C. § 841(a)(1).  These charges are drug offenses under the Controlled Substances Act and carry with them a mandatory minimum ten-year term of incarceration for each count.  For that

---

[1] This portion of the Act reads:

Review of a detention order. -- If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.  The motion shall be determined promptly.

18 U.S.C. § 3145(b).

reason, the defendant is presumed to be both a danger and a flight risk.  See 18 U.S.C. § 3142(e).

Section 3142(g) identifies the various factors that must be considered in determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of the community.  Gebro, 948 F.2d at 1121; 18 U.S.C. § 3142(g).  These factors are:  1) the nature and seriousness of the offense charged; 2) the weight of the evidence; 3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  Id.

The Court has considered all of the factors and holds that the defendant has not overcome the presumption that he is a danger to the community.  The defendant is a repeat offender.  He was arrested under state charges for the manufacture of marijuana in 2003, but he continued to grow marijuana in violation of the law in 2004 and again in 2005.  Given the defendant's continuing disregard of the law, the Court finds that he poses a danger to the safety of the community.

Moreover, the defendant has made threats of physical violence against at least four law enforcement officers.  Whether the defendant has been charged with these threats is immaterial. The defendant has threatened to shoot officers, and such threats cannot be ignored.  These threats carry additional weight given that 1) the defendant had been armed with a knife and a handgun when he was arrested leaving his marijuana grow site in 2003 and

2) agents seized approximately 65 handguns and rifles from various rooms in the defendant's home during a search following the 2003 arrest.  If the Court is going to err, it will err on the side of protecting the community.

The defendant argues that his health prevents him from being a danger to the community.  This argument is not persuasive.  The defendant, a 61-year old male, suffers from chronic back pain, high blood pressure, and some hearing loss.  However, the most pressing ailment, the back pain, for which the defendant receives disability payments, was present while the defendant was cultivating his crops of marijuana.  If the defendant could manage to grow the substantial amounts of marijuana in 2003 and 2004, then he could continue his illegal activities if released. Moreover, if the defendant needed assistance to cultivate the plants, then those persons are presumably still available to aid him.

There is no condition or combination of conditions that would reasonably assure the safety of the community if the defendant were to be released.  Accordingly, the defendant's motion is denied.

///

Separately, during the status conference held on May 12, 2006, the Court set the following due dates for the defendant's dispositive motions:  defendant's opening motion, May, 26, 2006; government's opposition, June 9, 2006; defendant's reply, June 16, 2006.  The hearing date for the motions is June 23, 2006 at 10:00 a.m.  If an evidentiary hearing with witnesses is necessary, the defendant is instructed to notify the Court as

soon as possible so that the hearing date may be reset.

   IT IS SO ORDERED.

DATED:  May 18, 2006

                    _/s/ Edward J. Garcia_____
                    HONORABLE EDWARD J. GARCIA
                    Senior United States District Judge